113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deann JOHNSON, Defendant-Appellant.
 No. 96-10400.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.*
Decided May 14, 1997.
 
 Before: PREGERSON, NOONAN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Deann T. Johnson appeals her sentence, after she pled guilty pursuant to a plea agreement, for one count of making a false statement on a loan application in violation of 18 U.S.C. § 1014. Johnson argues that the government breached the plea agreement by failing to recommend that Johnson receive the low end of the applicable guideline range of her offense. We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 Pursuant to a plea agreement, Johnson pled guilty on May 6, 1996. In exchange for Johnson's plea, the government agreed to recommend that Johnson "be sentenced to the low end of the applicable guideline range for his [sic] offense as determined by the United States Probation Office." The plea agreement specified that the maximum sentence the district court could impose was 360 months incarceration. It also stated that the district court is not a party to the plea agreement and the court may, in its discretion, impose any legal sentence notwithstanding the terms of the plea agreement.
 
 
 4
 Johnson agreed to waive her right to appeal the sentence and the plea agreement subject to the actual sentence imposed being consistent with the stipulations agreed to by the government and Johnson as follows: 1) the base offense level is 6, 2) the bank's loss was less than $20,000 triggering at most a three level increase, 3) the government will not oppose a two or three level decrease for acceptance of responsibility and, 4) the criminal history category is I.
 
 
 5
 The probation office added an additional two points because Johnson's offense involved more than minimal planning. Johnson did not object. The probation office also added four points to the offense level for a loss greater than $20,000 explaining that the intended loss was $20,451.21 and the actual loss was $13,484.21. The two increases resulted in an offense level of 10 with a sentencing range of six to twelve months; the probation officer recommended twelve months. Johnson objected that the plea agreement stipulated a loss of under $20,000.
 
 
 6
 On August 26, 1996 the district court deferred to the plea agreement and ruled that the loss was under $20,000, warranting an offense level increase of only three levels to an offense level of 9 and a sentencing range of four to ten months incarceration. Again deferring to the plea agreement, the district court imposed a sentence of six months because the plea agreement anticipated a sentence at the bottom of the range as determined by the probation office which in this case was six to twelve months. The government did not object. Johnson argued that the plea agreement stipulated a loss that would lower the range to four to ten months and thus to honor the plea agreement, the low end of the range would be four months, not six months. The district court denied Johnson's objection explaining that the plea agreement provided for the low end of the range as determined by the probation office (six months) and Johnson was sentenced exactly that--six months.
 
 ANALYSIS
 
 7
 This court reviews alleged violations of plea agreements de novo. United States v. Diamond, 53 F.3d 249, 252 (9th Cir.), cert. denied, 116 S.Ct. 326 (1995). Plea agreements are contractual in nature and are interpreted by contract law standards. United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993); United States v. Escamilla, 975 F.2d 568, 570 (9th Cir.1992). In construing the agreement a court must determine what the parties reasonably understood the terms to be, United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990); United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986), and that ambiguities in the agreement should be resolved in favor of the defendant. Keller, 902 F.3d at 1393; United States v. Baker, 25 F.3d 1452, 1458 (9th Cir.1994). "[T]he government is to be held to the literal terms of the agreement...." Id.
 
 
 8
 Johnson argues that the district court's interpretation of the agreement was literal but unreasonable. First, the government stipulated to sentencing guideline calculations that result in a sentencing range of zero to six months or four to ten months contradicting its statement to the district court that six months is "fine with the Government." The government, however, had no particular affirmative obligation regarding the stipulations. The plea agreement states as follows: "The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following...." By accepting the district court's determination of six months, the government did not dispute or argue against Johnson's representations regarding the stipulations. Its only affirmative obligation under the agreement was to recommend the low end of the range as determined by the probation office which it did. By accepting what it was obligated to recommend, the government did not breach the plea agreement.
 
 
 9
 Second, Johnson argues that the plea agreement obligating the government to recommend the low end of the sentencing range as determined by the probation office implicitly assumes that the probation office will correctly determine the sentencing range. Without that assumption, Johnson asserts, consideration for her guilty plea would be lacking. But Johnson did receive consideration--the government's agreeing to recommend the low end of whatever sentencing range the probation office determined. In addition, Johnson has not established that the probation office determined the guidelines incorrectly. See, e.g., United States v. Salemo, 81 F.3d 1453, 1463 (9th Cir.), cert. denied, 117 S.Ct. 436 (1996), (basing sentencing guideline calculations on the amount of intended loss appropriate if larger than actual loss).
 
 
 10
 Third, Johnson claims that her reasonable understanding was that the government would recommend a sentence at the low end of the guideline range "fixed by agreement and by law at no more than four to ten months." Johnson is incorrect. Johnson was only entitled to a recommendation of the low end of whatever sentencing range was determined by the probation officer. The only limit on the sentence contemplated by the plea agreement was the statutory maximum of 360 months. As evidence of what she reasonably expected, Johnson contends that her sentencing memorandum reveals her reasonable expectation of a sentencing range of four to ten months. But it is the defendant's reasonable understanding of the plea agreement at the time the plea is entered that controls. De La Fuente, 8 F.3d at 1337; United States v. Anderson, 970 F.2d 602, 607 (1992), amended, 990 F.2d 1163 (9th Cir.1993). The plea agreement was entered into on May 6, 1996 but Johnson's sentencing memorandum was not filed until August 12, 1996. The sentencing memorandum does not evidence Johnson's understanding of the plea agreement at the time that the plea was entered.
 
 
 11
 Johnson's claimed understanding of the plea agreement is not reasonable. The plea agreement stated that neither the probation office nor the district court were parties to the agreement and that the district court could impose any sentence it finds appropriate up to the statutory maximum. The plea agreement further stated as follows:
 
 
 12
 If the court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.
 
 
 13
 (emphasis added).
 
 
 14
 Since Johnson "understands" that based on the plea agreement no particular sentence can be predicted, Johnson did not reasonably understand the plea agreement to require that her particular sentence would be four months rather than six months.
 
 
 15
 While Johnson did not benefit from the plea agreement as much as she would have liked, she did receive the benefit of her bargain. In response to Johnson's objection to the probation office's report, the government concurred with Johnson's objections urging that the plea agreement should control. The district court specifically deferred to the plea agreement in reducing the sentencing range from six to twelve months down to four to ten months. The district court also deferred to the plea agreement by sentencing Johnson to six months rather than the twelve months recommended by the probation office.
 
 
 16
 We AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3